**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-7097**

ADAM PELLETIER,

　　　　　Petitioner - Appellant,

　　　v.

HAROLD CLARKE, Director of the Virginia Department of Corrections,

　　　　　Respondent - Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Michael F. Urbanski, Chief District Judge.  (7:21-cv-00374-MFU-JCH)

Submitted:  November 18, 2021　　　　　　　Decided:  November 22, 2021

Before MOTZ, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Adam Pelletier, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adam Pelletier appeals the district court's order construing his Fed. R. Civ. P. 60(b) motion for relief from judgment as an unauthorized, successive 28 U.S.C. § 2254 petition and dismissing it on that basis.[*] Our review of the record confirms that the district court properly construed Pelletier's Rule 60(b) motion as a successive § 2254 petition over which it lacked jurisdiction because he failed to obtain prefiling authorization from this court. *See* 28 U.S.C. § 2244(b)(3)(A); *McRae*, 793 F.3d at 397-400. Accordingly, we affirm the district court's order.

Consistent with our decision in *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003), we construe Pelletier's notice of appeal and informal brief as an application to file a second or successive § 2254 petition. Upon review, we conclude that Pelletier's claims do not meet the relevant standard. *See* 28 U.S.C. § 2244(b)(2). We therefore deny authorization to file a successive § 2254 petition.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] A certificate of appealability is not required to appeal the district court's jurisdictional categorization of a Rule 60(b) motion as an unauthorized, successive habeas petition. *United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015).